Milligan, J.,
delivered the opinion of the Court.
This is an action of verbal slander. There are three counts in the declaration. The defamatory words imputed to' the defendant, in the first and second counts of the declaration, import a charge of larceny; and in the third count, a fraudulent breach of trust. The defendant pleads “in short,” a.s it it is denominated, “not guilty and justification,” upon which, as it appears, “the plaintiff takes issue.” These laconic paragraphs, constitute the whole of the pleas, replications and issues. They are marked in the record, and respectively signed by the opposing counsel.
On the trial, after the jury was impanneled and sworn, and the testimony in chief closed, the defendant, by leave of the Court, and “consent of the parties,” withdrew his so-called plea of justification, and the cause proceeded to final judgment, on the plea of “not guilty” alone.
There were verdict and judgment for the plaintiff, and an appeal in error to this Court.
1st, The proof establishes the defamatory words, as laid in the declaration, and shows that the property about which the accusation of larceny, or fraudulent breach of trust, was made, was a quantity of corn and shucks, left by the defendant, in the care and custody of the plaintiff. And during the progress of the trial, and after the so-called plea of justification was withdrawn, the defendant proposed to prove, in mitigation of damages, that he had left the corn, about which the slanderous words were spoken, in the care, and under the control of, plaintiff, *31 and that a portion of it had been lost -while in his custody. The Court refused to admit the testimony, on the ground that it tended to prove the truth of the defamation. The defendant excepted, at the time, to the ruling of the Court, and insists on it as error, for which judgment ought to he reversed.
In actions of slander, or for libel, the law in this State is well settled, that the truth of the defamatory words imputed to the plaintiif, cannot be given in evidence under the general issue: Haws vs. Sanford, 4 Sneed, 520; McCampbell vs. Thornberry, 3 Head, 109. But it is equally well settled, that it is competent for the defendant, under the general issue, to show that the charge was occasioned by the misconduct of the plaintiif, either in attempting to commit the crime, or leading the defendant to believe him to be guilty thereof: West vs. Walker, 2 Swan, 32; 2 Greenleaf’s Ev., sec. 424, 425, and cases above cited.
In this case, the so-called plea of justification, had just been withdrawn, and every purpose of the defendant to justify the slanderous words, thereby renounced. He offered the testimony with the avowed object of mitigating the damages that might be recovered against him, by rebutting the malice, with which it might otherwise be presumed the defamatory words were uttered. The proof proposed and rejected by the Court, would not, if admitted, have established the truth of the slander charged in the declaration. It only went to show the fact that the corn, while in the possession of the plaintiff, was lost, or “missing,” and thereby the defendant was led to believe the plaintiff guilty of the crime of which he had accused *32 him. The testimony, we think, was within the rule announced by this Court, in the ease of West vs. Walker, and re-affirmed and repeated in subsequent decisions, and it was improperly rejected by the Court.
2d, The bill of exceptions shows, that during the progress of the trial, the defendant, after he had withdrawn his so-called plea of justification, attempted to impeach the plaintiff’s principal witness; and thereupon the plaintiff offered in evidence, and read to the jury, under objections, the plea of justification, in aggravation of damages. After admitting this plea, or rather word, “justification,” to be produced in evidence, the Court instructed the jury, that they might look to it as corroborating the statement of the principal witness, whose credibility had been assailed.
The action of the Court, in admitting the plea as evidence after it was formally withdrawn, is assigned as error. How this would be, were the plea a good one, under the peculiar facts of this case, we need not determine; but it is very clear, this plea can be looked to for no purpose; it is utterly invalid, insufficient and frivolous, and can neither be looked to in aggravation of damages, or as corroborating the testimony of impeached witnesses: Braden & Wife vs. Walker, 8 Hum., 34.
The Code, sec. 2906, provides, that “a plea shall, in all cases, contain a succinct statement, relied on as a defense to the action,” except the plea of “a general denial,” provided for by sec. 2913. And by section 2883, it is made the duty of the Court, to see that the rules of pleading are substantially adhered to. And, by section 2882, it is provided, that “if any pleading is bad for du *33 plicity, unnecessarily prolix, irrelevant, or frivolous, it may be stricken out, at tbe cost of the party so pleading, or by the Court, of its own motion.”
Erom these provisions, says this Court, in the case of Grant et al. vs. Ginnings et al., (1 Col., 54,) it necessarily follows, that a plea in short, is frivolous, and is to be treated as a nullity; and, in the next place, that it is the imperative duty of the Court, whenever the question shall properly arise, to disregard such a plea, and order it struck out, or to proceed to render judgment, as if no such plea had been put in, either on motion of the adverse party, or of its own motion.
In this case, the Court further holds, and, as we think, correctly, that if the parties shall choose to go to trial upon such issues, and the Court, regardless of the positive injunction of the Statute, shall tolerate them in doing so, we think the objection to such pleadings, could not be taken after verdict, of either party.
In the case under consideration, the pretended plea of justification being an absolute nullity, the defendant could withdraw it at any time, especially under leave of the Court; and, as a plea, it could not be considered by the jury, in aggravation of damages, or as evidence, when offered as such, to sustain the character of impeached witnesses: Braden & Wife vs. Walker, 8 Hum., 34.
It follows, therefore, that the judgment of the Circuit Court must be reversed, and a new trial awarded.